COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Huff and Senior Judge Clements

SHAWNADE RICQUALE RICHARDSON MASON

v.     Record No. 0218-19-4

STAFFORD COUNTY DEPARTMENT OF
 SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
JUNE 4, 2019

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Howe Brown, Judge Designate

(Jason M. Pelt; Goodall, Pelt, Carper & Norton, on brief), for
appellant.

(Catherine Miller Saller; Alexander Raymond, Guardian *ad litem* for
the minor child; Raymond Law, on brief), for appellee.


Shawnade Ricquale Mason (mother) appeals the orders terminating her parental rights and

approving the foster care goal of relative placement. Mother argues that the circuit court erred by

finding that the evidence was sufficient to terminate her parental rights. Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we

summarily affirm the decision of the circuit court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"On appeal from the termination of parental rights, this Court is required to review the evidence in the light most favorable to the party prevailing in the circuit court." Yafi v. Stafford Dep't of Soc. Servs., 69 Va. App. 539, 550-51 (2018) (quoting Thach v. Arlington Cty. Dep't of Human Servs., 63 Va. App. 157, 168 (2014)).

Mother has a history of mental illness and had been diagnosed with Schizophreniform Disorder, Psychosis (NOS), Adjustment Disorder with mixed emotional disturbance, Schizoaffective Disorder, Anxiety, Schizophrenia with paranoid delusions, Bipolar Disorder, Mixed Receptive and Expressive Language Disorder, and Cognitive Disorder. Throughout the years, mother had been hospitalized multiple times and had refused to take her medication.

Mother and her children have a history with the Departments of Social Services in Prince William County, the City of Fredericksburg, and Stafford County. Due to mother's homelessness and mental health issues, her four older children were removed and placed in foster care. Mother did not remedy the conditions that led to the children's placement in foster care. On July 28, 2016, the Prince William County Circuit Court terminated mother's parental rights to her three oldest children. Her parental rights to her fourth child were not terminated because the child died in 2015.

In December 2017, mother gave birth to the child who is the subject of this appeal. Shortly after the child's birth, the Stafford County Department of Social Services (the Department) received a child protective services report that mother was "actively hallucinating,

---

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

speaking 'gibberish' to no one," and threatening hospital staff and other families in the labor and delivery unit of the hospital. The Department met with mother and discussed a safety plan with her. The safety plan required mother to take her medication, which she refused to do; therefore, the Department removed the child from her care.

On December 27, 2017, the Stafford County Juvenile and Domestic Relations District Court (the JDR court) adjudicated that the child was abused or neglected, or at risk of being abused or neglected. On February 20, 2018, the JDR court entered the dispositional order. Considering "mother's history and her indication that she would not cooperate with the Department," the JDR court waived the Department's requirement to make reasonable efforts to reunite the child with mother.

The child's father and paternal grandmother informed the Department that they wished to care for the child. After conducting a family assessment, the Department recommended that the child be placed with the paternal grandmother. The father supported the child's placement with the paternal grandmother. On June 1, 2018, the Department placed the child in the paternal grandmother's home.

On August 21, 2018, the JDR court terminated mother's parental rights and approved the foster care goal of relative placement. The JDR court awarded sole legal and physical custody of the child to the paternal grandmother and visitation to the father. Mother appealed to the circuit court.

On November 28, 2018, the Department, mother's guardian *ad litem*, and the child's guardian *ad litem* appeared before the circuit court. Although mother was in the courthouse early in the morning, she left and did not return for the court hearing. The parties agreed that the Department would proffer the evidence. The Department summarized how the child entered foster care, as well as mother's mental health history and the termination of her parental rights to

her three other children. The Department offered into evidence copies of the foster care plans, the JDR court dispositional order, the family assessment of the paternal grandmother, the petition for the termination of mother's parental rights, the JDR court's foster care review order, and the prior orders terminating mother's parental rights to her three older children. The Department proffered that the child was doing well in the paternal grandmother's care. The Department further reported that the child "is happy, completely healthy, on target with everything developmentally, is a very cheerful, happy, gurgling, babbling child."

After hearing the proffer and the parties' arguments, the circuit court found that it was in the best interests of the child to terminate mother's parental rights under Code § 16.1-283(E)(i) and approve the foster care goal of relative placement. The circuit court awarded custody of the child to the paternal grandmother. This appeal followed.

ANALYSIS

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Castillo v. Loudoun Cty. Dep't of Family Servs., 68 Va. App. 547, 558 (2018) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128 (1991)). "Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Fauquier Cty. Dep't of Soc. Servs. v. Ridgeway, 59 Va. App. 185, 190 (2011) (quoting Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20 (1986)).

Mother argues that the circuit court erred in terminating her parental rights because the Department "took no steps other than to terminate [mother's parental] rights based on the prior termination[s]." Mother asserts that her parental rights should not have been terminated based solely on the prior terminations.

The circuit court terminated mother's parental rights under Code § 16.1-283(E)(i), which provides that a parent's parental rights may be terminated "if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . ." The Department presented evidence that the Prince William County Circuit Court terminated mother's parental rights to her three older children on July 28, 2016, and that mother had a history of mental illness and refused to take her medication. The Department also proffered that the child was doing very well in the paternal grandmother's care.

The circuit court rejected mother's argument that it was "otherwise improper to terminate when the Department didn't offer services." Code § 16.1-283(E)(i) did not require the Department to offer services to mother. Nevertheless, the circuit court found that after the child's birth, "the Department did, in fact, go to her and try to get her to cooperate and had a safety plan, [with] which the mother refused to cooperate . . . ." The circuit court further held that mother's refusal to cooperate was evident when she left the courthouse without appearing for her hearing.

Lastly, the circuit court found that the child's best interest was to remain in the care of the paternal grandmother because the child was "doing so well." Contrary to mother's arguments, the circuit court did not err in terminating her parental rights under Code § 16.1-283(E)(i).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.